**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 24-1174**

————————————

MARILYN ENGLISH,

> Plaintiff - Appellee,

v.

KEVIN KEANE,

> Defendant - Appellant,

and

ELLEN HEINE; GREGORY KNORR,

> Defendants.

————————————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, Chief District Judge.  (2:22-cv-00540)

————————————

Submitted:  July 30, 2024                    Decided:  August 1, 2024

————————————

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

————————————

Dismissed by unpublished per curiam opinion.

————————————

Kevin Keane, Appellant Pro Se.  Michael Ray Williams, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia; Jennifer N. Taylor,

FORBES LAW OFFICES, PLLC, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Keane, who is a party to three summary proceedings originally brought in a West Virginia state court ("the State Court") that were removed to federal court as a single federal action ("the Federal Action"), filed the underlying appeal after the district court adopted the magistrate judge's recommendation to grant Appellee's motion to remand the Federal Action to the State Court. Keane soon thereafter filed a motion for reconsideration and for a stay, and later filed his notice of appeal to this court, indicating that he was appealing the magistrate judge's report recommending granting the motion to remand. This court delayed filing Keane's appeal because his motion for reconsideration remained pending in the district court. The district court has since denied the motion for reconsideration, vacated its order adopting the magistrate judge's recommendation to remand, and granted the parties additional time to file objections to the report. The appeal is now ripe for consideration by this court.

In his notice of appeal, Keane indicates that he seeks to appeal the magistrate judge's recommendation to grant the motion to remand. And in the informal brief he filed with this court, Keane indicates that he seeks to appeal the court's order adopting the magistrate judge's recommendation to grant the motion to remand, as well as the court's subsequent order denying Keane's motion to quash the order adopting the recommendation. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). Upon review, we conclude that none of the aforementioned orders are final orders, given that litigation in the district court remains

3

ongoing, and that none qualify as appealable interlocutory or collateral orders. Finally, to the extent Keane seeks this court's review of the district court's order adopting the magistrate judge's recommendation to grant the motion to remand, this portion of Keane's appeal is moot because the district court has since vacated that order. *See Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (setting forth principles of appellate mootness); *Mellen v. Bunting*, 327 F.3d 355, 363-64 (4th Cir. 2003) ("When a case has become moot after the entry of the district court's judgment, an appellate court no longer has jurisdiction to entertain the appeal.").

Accordingly, we dismiss the appeal for lack of jurisdiction. We deny Appellee's motion to dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*